20712. KITCHENS *v.* KIRKLAND *et al.*

CANDLER, Justice. On September 9, 1959, Mrs. Gertrude K. Kitchens filed a petition in the Superior Court of Jeff Davis County against Mrs. Idelle Kirkland, individually and as administratrix of the estate of Daniel Kirkland, Sr., and also against Fred E. Kirkland. The amended petition alleges substantially the following: Petitioner is the owner of certain described land in Jeff Davis County; that the defendants have entered upon it and are unlawfully cutting and removing the

timber therefrom; that such acts constitute a continuing trespass, and in order to prevent a multiplicity of suits, the defendants should be enjoined from traspassing on it and thus violating property rights of the petitioner; that the petitioner will suffer irreparable injury, has no adequate remedy at law and no certain and definite way of ascertaining the actual damage resulting to her from the cutting and removal of the timber from the land conveyed to her; that the land involved was conveyed to the petitioner on November 5, 1956, by a deed of gift from her father, Daniel Kirkland, Sr., who died intestate on May 8, 1958; and that a copy of her deed is attached to the petition as an exhibit, and by reference is made a part thereof. The prayers are for process, a temporary and permanent injunction, damages, and general relief. The defendants demurred to the petition generally on the ground that it failed to allege a cause of action, since the deed attached to the petition as an exhibit does not convey any title to the timber in question, and under the allegations of the petition, including its exhibit, title to said timber was vested in Daniel Kirkland, Sr., at the time of his death; and that, at the time of the filing of said petition, said timber was an asset of the estate of said deceased with the right in the administratrix of his estate to cut and remove the same for and on behalf of the estate of the deceased. The general demurrer to the petition was sustained and the petition was dismissed. The exception is to that judgment. A supersedeas was granted on an agreement that the defendants would have a period of six months after final adjudication to cut and remove the timber if the court on appeal found in their favor. *Held:*

The deed attached to the petition as an exhibit contains the following reservation: "The grantor herein hereby reserves for his own use for a period of three (3) years the timber located on the above described tract of land with the privilege of cutting such timber as he might desire during said period." The deed also contains the following clause: "The words 'Grantor' and 'Grantee' whenever used herein shall include . . . any and all other persons or entities, and the respective heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto, and all those holding under any of them, and the pronouns used herein shall include when appropriate either gender and both singular and plural." Following the habendum clause, are the words, "subject to re-

682

strictions stated above." A decision in this case necessarily rests on a construction of the deed, including those parts quoted above. The plaintiff contends that the grantor, by using the words "his own use" and "as he might desire," limited the restriction in the deed to his personal use for a three-year period, and that, since he did not cut the timber before his death and within the three-year period, it could not now be cut and removed from the premises by his legal representative. The defendants, however, contend that the provision in the deed which defines the meaning of the word "Grantor" and expressly states that it shall include "the respective heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto, and all those holding under any of them, and the pronouns used herein shall include when appropriate either gender and both singular and plural," and the habendum clause, which is made expressly subject to these restrictions, clearly signifies that the grantor intended that his rights to the timber for the three-year period should include his legal representative, as well as his heirs, successors and assigns. It is a well-settled principle of law that all provisions of a deed should be construed together, and it seems clear to this court that, when the grantor specifically defined the word "Grantor" as he did in the deed involved, he intended for the reserved right to cut and remove timber to include and extend to his legal representative, as well as his heirs, successors and assigns. This construction of the deed is further sustained by the fact that the habendum clause provides that the conveyance of title to the land to the grantee was subject to the exception made with reference to the "Grantor's" right to cut and remove the timber. This being so, the trial court did not err in sustaining a general demurrer to the petition and in dismissing it.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 11, 1960—DECIDED FEBRUARY 11, 1960.

*Gibson & Maddox, M. L. Preston,* for plaintiff in error.
*J. H. Highsmith, Gordon Knox, Jr.,* contra.